IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CV-77-D

| | |
|---|---|
| GORDON KENNETH WARREN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC HOLDER, in his official capacity as )<br>Attorney General of the United States, and )<br>ROY COOPER, in his official capacity as )<br>Attorney General of the State of North Carolina, )<br>)<br>Defendants. ) | **ORDER** |

Gordon Kenneth Warren seeks a declaratory judgment that he is not subject to the federal firearms ban in 18 U.S.C. § 922(g)(1). See Compl. ¶¶ 31, 34–35. Warren named the Attorney General of the United States Eric Holder and the Attorney General of the State of North Carolina Roy Cooper (in their respective official capacities) as defendants. See id. ¶¶ 2–3. The Attorney General of North Carolina filed a motion to dismiss for failure to state a claim upon which relief can be granted [D.E. 6]. Warren opposes the motion to dismiss [D.E. 11].

The court has considered the motion to dismiss under the governing standard. See, e.g., Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1947–52 (2009); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560–65 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In evaluating a motion to dismiss under Rule 12(b)(6), a court accepts the complaint's factual allegations as true, but need not accept the legal conclusions drawn from the facts. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Giarratano, 521 F.3d at 302. Similarly, a court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Giarratano, 521 F.3d at 302.

Cooper contends that he is not a proper party to plaintiff's challenge to the federal firearms ban. Cooper notes that the United States Department of Justice (through the FBI) made the decision that Warren challenges. Further, Cooper notes that Warren named Eric Holder as a defendant in his official capacity and that, if the court reaches the merits, then Warren will obtain a declaratory judgment as to how 18 U.S.C. § 922(g)(1) applies to Warren. In opposition to the motion to dismiss, Warren cites paragraph 33 of the complaint which states, "[t]he FBI denied the Plaintiff's application to purchase a firearm because of the information provided to the FBI by Cooper." See Compl. ¶ 33. Warren then contends that this court will need to understand Cooper's reasoning and role in order to resolve the case.

The court rejects Warren's argument as to Cooper. Even assuming that the court needs to understand Cooper's role vis-a-vis the United States Department of Justice concerning Warren and the applicability of 18 U.S.C. § 922(g)(1), that need for understanding does not convert Cooper into a proper defendant in this action. The fundamental issue in this case is whether the United States Department of Justice (through the FBI) correctly decided to deny plaintiff's application under 18 U.S.C. § 922(g)(1). Cooper is not a necessary party to resolve that issue. Rather, the only proper party in this case is the Attorney General of the United States in his official capacity. His office made the decision under federal law that Warren now challenges. Accordingly, the court GRANTS defendant Cooper's motion to dismiss [D.E. 6].

SO ORDERED. This 18 day of June 2009.

JAMES C. DEVER III
United States District Judge